IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-3502 |
| ELEY ELECTRICAL CONTRACTORS, LLC, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff National Electrical Benefit Fund's motion for default judgment, ECF No. 7. Defendant Eley Electrical Contractors, LLC, has not filed a response or entered its appearance, and the time for doing so has passed. *See* Loc. R. 105.2.a. For the foregoing reasons, National Electrical Benefit Fund's motion for default judgment is GRANTED.

I. **BACKGROUND**

Plaintiff National Electrical Benefit Fund ("NEBF") is a multi-employer "employee pension benefit plan" as that term is defined under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq. See* ECF No. 1 at ¶ 4; *see also* 29 U.S.C. § 1002(2). Defendant Eley Electrical Contractors, LLC ("Eley Electrical") is an employer as defined by ERISA. 29 U.S.C. § 1002(5); ECF No. 1 at ¶ 5. Pursuant to a collective bargaining agreement with International Brotherhood of Electrical Workers Local 98 ("IBEW Local 98"), Eley Electrical is bound to all terms and conditions of the Restated Employees Benefit Agreement and

1

Trust for the National Electrical Benefit Fund ("Trust Agreement"), which governs NEBF administration. ECF No. 1 at ¶¶ 6–7.

Pursuant to the Trust Agreement, Eley Electrical must regularly contribute to the NEBF on behalf of all covered employees. ECF No. 1 at ¶ 6. If Eley Electrical fails to make required contributions, the Trust Agreement authorizes NEBF to take all necessary action to recover the delinquent contributions. ECF No. 1 at ¶ 18; *see also* ECF No. 7-2 at 5–12.

On November 27, 2017, NEBF filed suit, alleging that Eley Electrical breached the terms of the Trust Agreement and owes unpaid delinquent contributions for work performed by its covered employees from January 1, 2014, through December 31, 2016. ECF No. 1 at ¶ 9. Eley Electrical did not answer the Complaint, and on February 15, 2018, the Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 6. On February 27, 2018, NEBF filed the pending motion for default judgment. ECF No. 7.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs default judgments, which may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides that "the party must apply to the court for a default judgment." The Court may then "conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Whether to enter a default judgment rests within the Court's sound discretion.

*SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.' " *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421); *see also Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering whether to grant default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.").

## III. DISCUSSION

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance

3

with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145: *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for inter alia, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action).  ERISA therefore " 'provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.' " *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.,* 919 F. Supp. 2d 680. 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)).

Taking the well-pleaded facts of the Complaint as true, NEBF has established that Eley Electrical was required as an employer to make contributions under the CBA and Trust Agreement. NEBF has also established that Eley Electrical failed to make such contributions, in violation of 29 U.S.C. § 1145.  *See* ECF No. 1.  Default judgment as to liability is thus GRANTED.

Having determined liability, NEBF is authorized by statute, 29 U.S.C. § 1132(g),  to collect as damages the amount of the delinquent contributions, plus ten percent interest; liquidated damages in the amount of twenty percent of the delinquent contributions; costs of the audit; and attorneys' fees and costs.  *See* 29 U.S.C. § 1132(g).   However, on a motion for default judgment, damages may be awarded only if supported by record evidence and consistent with the damages pleaded in the Complaint.  Fed. R. Civ. P. 8(b)(6) & 54(c).

Here, NEBF asserts damages of $52,067 in delinquent contributions, plus $14,949.07 interest; $ 10,412.50 in liquidated damages;  $588.77 in audit costs; and $ 1,501.00 in attorneys' fees and costs.  In support of this award, NEBF submits the sworn affidavit of NEBF's Director of its Audit and Delinquency Department, Angel Losquadro ("Losquadro"), as well as audit

4

reports prepared by an independent auditor. ECF No. 7-2. This evidence adequately supports the amounts sought in delinquent contributions, liquidated damages, and audit costs. The requested amounts are also consistent with the damages sought in the Complaint. *See* ECF No. 1 & 7-2. Accordingly, the Court awards the requested damages.

As to NEBF's requested attorneys' fees and costs, the Court assesses the reasonableness of such requests by considering Appendix B to this Court's Local Rules and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); Loc. R. 1(c), Appendix B.

NEBF is represented by Jennifer Hawkins, of the law firm of Pott-Dupre, Hawkins & Kramer, Chrtd. *See* ECF No. 7-1 at ¶ 3. Hawkins has practiced law for more than twenty-three years, and assisted NEBF in its ERISA collections proceedings since 1996. ECF No. 7-1 at ¶ 3. Hawkins charged $379.00 per hour in this case, and her legal assistant, Caroline Lippie, charged a rate of $139.00 per hour. ECF No. 7-1 at ¶ 5. These rates fall within the guidelines of the Local Rules and are presumptively reasonable. ECF No. 7-1 at ¶ 5; Loc. R. 1(c), Appendix B. Further, Hawkins attests that she and Lippie collectively spent 2.8 hours on this case, a reasonable amount of time for this uncontested and relatively simple matter. *See* ECF No. 7-1 at

¶ 6. The lodestar calculation (reasonable hourly rate multiplied by hours of work performed) thus supports the requested award of $801.00 in attorneys' fees. ECF No. 7-1 at ¶¶ 6–8; Loc. R. 1(c), Appendix B. The record also supports NEBF's request for $700.00 in miscellaneous legal costs. *See* ECF No. 7-1 at ¶ 9. Therefore, the Court GRANTS NEBF's request for $1,501.00 in attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, NEBF's motion for default judgment, ECF No. 7, is GRANTED, and it is this 18th day of July, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Judgment SHALL BE entered in favor of Plaintiff National Electrical Benefit Fund;

2. Damages ARE awarded in the amount of $79,519.85, consisting of: $52,067.51 in delinquent contributions; $14,949.07 in interest; $10,413.50 in liquidated damages; $588.77 in audit fees; and $1,501.00 in attorneys' fees and costs. Pursuant to 28 U.S.C. § 1961, post-judgment interest SHALL continue to accrue until the judgment is satisfied; and

3. The Clerk is DIRECTED to transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

| 7/18/2018 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |